RICHMOND & QUINN
Daniel T. Quinn,
ABA No. 8211141
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
Email: dquinn@richmondquinn.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>) |

## COMPLAINT FOR EQUITABLE SUBROGATION

Plaintiff Progressive Specialty Insurance Company ("Progressive"), for claims for relief against defendant National Union Fire Insurance Company of Pittsburgh PA ("National Union"), alleges as follows:

1. Plaintiff Progressive is an Ohio corporation with its principal place of business in the State of Ohio.

2. Upon information and belief, defendant National Union is a Pennsylvania corporation with its principal place of business in New York.

3. Under 28 U.S.C. §1332, this Court has jurisdiction over the complaint because complete diversity of citizenship exists between plaintiff Progressive and defendant National Union and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. On or about March 11, 2007, Rodney Jones was involved in an auto accident in which the vehicle he was driving collided with a vehicle occupied by members of the Gray family. This accident caused the death of Barbara Gray, and injuries to other members of the Gray family.

5. Members of the Gray family brought suit against Rodney Jones in Case No. 3AN-09-5573 CI, in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, seeking recovery for damages they incurred in the auto accident.

6. At the time of this accident, Rodney Jones was driving a vehicle owned by his employer, Yukon-Kuskokwim Health Corporation.

7. At the time of the accident, Yukon-Kuskokwim Health Corporation had auto liability insurance coverage with Alaska National Insurance Company. This policy had $1,000,000 in liability limits. The accident vehicle was listed on this policy.

8. Additionally, Yukon-Kuskokwim Health Corporation had liability insurance with defendant National Union which provided umbrella coverage above the Alaska National policy. The National Union policy had liability limits of $10,000,000.

9. Both the Alaska National policy and the National Union policy provided coverage to Rodney Jones for the March 11, 2007 accident.

10. Plaintiff Progressive had also issued a personal auto liability policy to Rodney Jones, and his wife Anna Jones. This policy had liability limits of $100,000 per accident, and covered Rodney Jones for the March 11, 2007 accident.

11. The plaintiffs in the Gray lawsuit reached a settlement of their claims against Rodney Jones, by way of negotiations with Mr. Gray's attorneys, and representatives of the three above mentioned insurance companies which provided coverage to Mr. Gray.

12. The settlement involved payment of consideration valued at approximately $2,650,000, consisting of $2,005,000 due at the time of settlement, and "periodic payments" payable to Amy Gray and Kristi Gray on their respective 25th birthdays. A copy of the Settlement and Release Agreement reflecting this settlement is attached as Exhibit A.

13. National Union agreed to the settlement outlined above, and does not now contend that it was unreasonable.

14. National Union agreed that its policy extended coverage to Rodney

COMPLAINT FOR EQUITABLE SUBROGATION
Progressive v. National Union Fire Insurance Company, Case No. _____
Page 3 of 6

Case 3:12-cv-00124-JWS   Document 1   Filed 06/14/12   Page 3 of 6

Jones for the subject accident and does not now contend otherwise.

15. In the settlement, Alaska National Insurance Company exhausted its liability limits, contributing $1,042,081.80 toward the settlement.

16. In the settlement, plaintiff Progressive exhausted its liability limits, contributing its $100,000 per occurrence limits, plus "add-ons" of prejudgment interest and Rule 82 attorney's fees.

17. In total, Progressive paid $128,258.76 toward the settlement.

18. National Union funded all of the settlement except those portions paid by Alaska National and Progressive. National Union did not exhaust the limits of its policy.

19. At the time of the settlement, Progressive took the position that its policy was excess to that of National Union, and thus contended that National Union's obligation to fund the settlement was primary in relation to Progressive's obligation. National Union disagreed, contending that Progressive's obligations were primary.

20. In order to resolve the underlying claim, Progressive agreed to fund the settlement as if its obligations were primary to National Union. National Union agreed that Progressive reserved its rights to seek recovery from National Union.

21. National Union's obligations to fund the settlement were primary to Progressive's obligations, and thus National Union is obligated to pay back to Progressive the amounts that Progressive contributed to the settlement.

COMPLAINT FOR EQUITABLE SUBROGATION
Progressive v. National Union Fire Insurance Company, Case No._____
Page 4 of 6

22. Alternatively, Progressive's and National Union's obligations to fund the settlement were concurrent, and therefore under Alaska law, each was obligated to fund the settlement on a pro rata basis, based upon respective limits. Progressive paid more than its pro rata share, and thus National Union is obligated to pay back to Progressive the amount which Progressive paid in excess of its pro rata obligation.

PRAYER FOR RELIEF

WHEREFORE, Progressive prays for relief as follows:

1. A judgment in Progressive's favor in the amount of $128,258.76, the amount of the settlement which Progressive funded; or

2. Alternatively, a judgment in the amount by which Progressive's contribution to the settlement exceeded its pro rata obligation as between it and National Union, based on their respective limits;

3. For costs, interest, and attorney's fees; and

4. For such other and further relief as this Court deems just and equitable.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DATED this 14th day of June, 2012, at Anchorage, Alaska.

RICHMOND & QUINN

By /s/ Daniel T. Quinn
Daniel T. Quinn
Alaska Bar No. 8211141
360 K Street, Suite 200
Anchorage, AK 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
Email: dquinn@richmondquinn.com

Attorneys for Plaintiff

1038\464\PLD\Complaint for Equitable Subrogation